AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

United States of America
v.
MARIO ESPINO

*Defendant(s)*

Case No. 8:23-mj-02257-EAJ

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of OCTOBER 11, 2023 in the county of PASCO in the Middle District of Florida, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. §§ 841(a)(1) and (b)(1)(A )(viii) | Possession of methamphetamine with intent to distribute. |

This criminal complaint is based on these facts:

See attached affidavit.

❒ Continued on the attached sheet.

[signature]
*Complainant's signature*

BRIAN O'CONNELL, DEA
*Printed name and title*

Sworn to before me over the telephone or other reliable electronic means and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date: 10/12/2023

[signature]
*Judge's signature*

City and state: Tampa, Floida

ELIZABETH JENKINS, U.S. MAGISTRATE JUDGE
*Printed name and title*

## INTRODUCTION

1. I, Brian O'Connell, am a Special Agent with the Drug Enforcement Administration ("DEA"), assigned to the Tampa District Office. I have been employed as a Special Agent with the DEA since September 2023. In connection with my official duties, I investigate criminal violations of federal laws, including 21 U.S.C. §§ 841, 843, 846 and 848 (drug trafficking offenses), 21 U.S.C. §§ 960 and 963 (drug importation and exportation offenses), 18 U.S.C. §§ 1956 and 1957 (money laundering offenses), and 18 U.S.C. §§ 922 and 924 (firearms violations).

2. I attended a 17-week Basic Agent Training Program in Quantico, Virginia, where I received training and experience in interviewing and interrogation techniques; arrest procedures; search and seizure; drug and money laundering investigations; surveillance techniques; asset forfeiture; investigating possession with intent to distribute and distribution of controlled substances. Prior to attending Basic Agent Training with the DEA, I was employed for approximately two years at the United States Capitol Police ("USCP"). I attended a 12-week Uniformed Law Enforcement Training Program at the Federal Law Enforcement Training Center in Glynco, Georgia and an additional 15 weeks of specialized training at the USCP Academy in Cheltenham, Maryland. From August of 2021 to May of 2023, I was a uniformed Police Officer with the St. Petersburg Police Department in Florida. I received approximately five weeks of in-house training before being sworn in, followed by eight weeks of field training.

3. I have received specialized training in the enforcement of laws regarding controlled substances, as found in Title 21 of the United States Code. I have completed DEA basic and advanced agent training at the DEA Academy, which included training in advanced techniques such as undercover operations and Title III wiretaps. I have testified in judicial proceedings and prosecutions for the violation of controlled substance laws. I have received specialized training in illegal drug smuggling and distribution investigations and have participated in numerous illegal drug investigations.

4. This affidavit is submitted in support of a criminal complaint charging Mario Espino ("**Espino**") with: Possession with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii).

5. The information contained in this affidavit is based in part or obtained from a review of investigative reports completed by law enforcement, conversations with law enforcement officers, and from my personal observations, my training and experience, and my involvement in the investigation to date. This affidavit does not set forth every fact resulting from the investigation; rather, it sets forth facts sufficient to establish probable cause to believe that the above offense has been committed and that **Espino** committed it. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related only in substance and in part, and are not intended to be verbatim recitations. When a date is listed, I mean that

the event occurred "on or about" that date. When a time period is listed, I mean that the event occurred "in or around" that time period.

## PROBABLE CAUSE

### Background of the Investigation

6. On or about June 28, 2022, Agents interviewed a defendant following a traffic stop in Navajo County, Arizona. The vehicle in which the defendant was driving contained approximately 124 pounds of methamphetamine and the defendant agreed to cooperate with law enforcement .

7. During the interview the cooperating defendant said he/she was paid by **Espino** to transport the methamphetamine from Arizona to Pasco County, Florida. The cooperating defendant stated **Espino** is the largest fentanyl distributor he/she knows in the Pasco County, Florida area. The cooperating defendant also stated Espino distributes pounds of methamphetamine in the Middle District of Florida.

### October 11, 2022 – Execution of Search Warrant in Pasco County

8. During the morning of October 11, 2023, agents of the DEA Tampa District Office and the Pasco County Sheriff's Office established surveillance on **Espino's** residence located at 3327 Eisenhower Drive, Holiday, Florida 34691 ("the Residence") in anticipation of executing a state authorized search warrant at said address.

9. At or about 1:30 p.m., Agents learned that the search warrant was signed. At or around this same time, a white Dodge Durango vehicle with Florida Tag "88BFBM" drove into the driveway of the Residence. Agents approached the now parked vehicle and attempted to make contact with the occupants of the vehicle.

10. Before Agents could make contact with the vehicle occupants, three male occupants exited the vehicle and fled from Agents on foot in separate directions. Inside the vehicle, Agents discovered a fourth male male subject, later identified as Gadiel Leger, in the back seat of the vehicle. Leger's head was covered with a blue colored bag, his hands were bound with zip ties, and Leger was screaming for help.

11. Agents observed Leger to appear to have been physically assaulted. Leger's hands showed bruising and were swollen. Leger's eyes were bloodshot and his nose was swollen and his face had abrasions.

12. Agents later apprehended two of the three subjects who fled. The driver of the vehicle was identified as Joey Young, and **Espino** was identified as the front passenger. Agents also identified the third subject, Jacob Guest, as the passenger seated behind the driver's seat.

13. Agents searched the vehicle and discovered a multicolored backpack, located on the front passenger floor board, where **Espino** was seated and had fled from. The backpack contained: (1) two zip lock bags, weighing approximately one pound each, containing suspected crystal methamphetamine; (2) one clear cellophane bag containing approximately two ounces of suspected powder cocaine;

(3) one zip lock bag containing approximately an ounce of fentanyl; (4) one clear cellophane baggie containing approximately one ounce of suspected crystal methamphetamine; and (5) one clear cellophane baggie containing approximately one ounce of suspected marijuana. Located in the trunk of the vehicle was a large black suitcase containing approximately 50 pounds of suspected crystal methamphetamine.

14. Agents conducted a field test on the suspected methamphetamine and it yielded a positive result. Methamphetamine is a schedule II controlled substance.

15. Based on my training, experience and the investigation to date, I know that persons who possess pound-quantities of methamphetamine intend to distribute said narcotics, and it is not a personal use amount.

## CONCLUSION

16. Based on the foregoing, there is probable cause to believe that **Espino** has committed the crime of possession with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii).

Brian M. O'Connell
Special Agent
Drug Enforcement Administration

Sworn to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 and 4(d)(3) via telephone on this 12st day of October 2023.

ELIZABETH A. JENKINS
United States Magistrate Judge